IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TEDDY RAY BALTIMORE,         ) | |
| ) | 8:06cv330 |
| Plaintiff,   ) | |
| ) | MEMORANDUM AND ORDER |
| vs.                          ) | |
| ) | |
| OFFICER SANCHEZ, et al.,     ) | |
| ) | |
| Defendants.  ) | |

    This matter is before the court on filing no. 7, the Motion to Extend Time to Pay Initial Partial Filing Fee, filed by the plaintiff, Teddy Ray Baltimore, a prisoner housed in the Douglas County Correctional Center ("DCCC").  Because the plaintiff is incarcerated, the Prison Litigation Reform Act ("PLRA") applies to this case.  Pursuant to the PLRA, an imprisoned civil plaintiff must pay the court's entire filing fee, either at the outset when filing the complaint, or in installments if, as in this case, the court grants leave to proceed in forma pauperis ("IFP").  When a motion to proceed IFP is granted, the court assesses an initial partial filing fee in the amount of twenty (20) percent of the plaintiff's average monthly account balance or average monthly deposits, whichever is greater, for the six months preceding the filing of the complaint.  In a Prisoner Payment Order entered on May 15, 2006 (filing no. 5, as amended by filing no. 6), an initial partial filing fee of $7.97 was assessed, due by June 26, 2006.  The initial fee has not been paid.

    In filing no. 7, the plaintiff asks to extend the deadline for payment of the initial filing fee until he is released from the DCCC, a date which is unknown at this time.  However, the plaintiff misunderstands the situation.  First, as long as the plaintiff is incarcerated, initial review of the complaint, service of process on the defendants, and progression of the case do not occur until after the court receives the initial partial filing fee.  Therefore, if the plaintiff's motion were granted, the case would simply sit inactive until his release.  In addition, because the plaintiff filed the case as a prisoner, the case is subject to other restrictions established by the PLRA.  If he failed to exhaust his administrative remedies, the plaintiff's case could be permanently dismissed.  Also, in the absence of a physical injury, no damages could be recovered for the plaintiff's emotional distress.

    On the other hand, if the plaintiff dismisses his case filed as a prisoner and simply refiles the exact same case when he is released and is no longer a prisoner, the PLRA would no longer apply.  A nonprisoner who complains about prison conditions during a previous incarceration is not subject to the PLRA in any way.  Therefore, if an IFP motion is granted to a nonprisoner plaintiff, the filing fee is entirely waived.  The requirement regarding exhaustion of administrative remedies disappears, as does the limitation on damages for emotional distress, even though the subject matter of the claim is the same

The statute of limitations for a civil rights claim is four (4) years from the date of the first of the events leading to the injury alleged in the plaintiff's complaint. Therefore, the plaintiff has two options. I will grant the plaintiff a short extension of time to pay the initial partial filing fee if he chooses to continue on with this case, which is subject to the PLRA with all of its limitations. In the alternative, the plaintiff may voluntarily allow this case to be dismissed, without prejudice, and refile the same case any time within four (4) years after the first of the events alleged in the complaint.

THEREFORE, IT IS ORDERED:

1. That filing no. 7, the plaintiff's Motion to Extend Time to Pay Initial Partial Filing Fee, is granted in part and denied in part as follows: (a) by September 15, 2006, the plaintiff shall pay the initial partial filing fee of $7.97; **or** (b) by September 15, 2006, the plaintiff shall notify the court that he would like to dismiss the above-entitled case without prejudice to filing the same or a similar action when he is no longer a prisoner; **or** (c) by September 15, 2006, the plaintiff shall notify the court that he has no funds with which to pay the initial partial filing fee, but he wishes to continue to prosecute the above-entitled case, rather than voluntarily dismiss the case without prejudice; and

2. That in the absence of any response by the deadline set forth above, this case will be dismissed without prejudice for failure to prosecute this case with diligence.

DATED this 28th day of August, 2006.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge